IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDY MCCUTCHEN<br>*Petitioner* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. 19-2801 |
| v. | | |
| TAMMY FURGERSON, *et al.*<br>*Respondents* | | |

## ORDER

**AND NOW**, this 5th day of August 2019, upon consideration of the *Report and Recommendation* issued on July 12, 2019, by the Honorable Carol Sandra Moore Wells, United States Magistrate Judge (the "Magistrate Judge"), [ECF 5], to which no objections were filed by Petitioner Freddy McCutchen ("Petitioner"), and after a careful and independent review of the record, it is hereby **ORDERED** that:

1. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;[1]
2. The Petition for Writ of *Habeas Corpus* is **DENIED**;
3. Petitioner's motion to stay, [ECF 2], is **DENIED**;
4. There is no probable cause to issue a certificate of appealability; and
5. The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

*/s/ Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] Petitioner was convicted of first-degree murder in 1977 and sentenced to a mandatory term of life imprisonment. At the time he committed the crime he was a minor. Pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), he was resentenced in April 2019 to a term of 40 years to life imprisonment. On June 26, 2019, Petitioner filed this Petition for Writ of *Habeas Corpus*, [ECF 1], and a motion to stay. [ECF 2]. In the motion to stay, Petitioner asserts that he has a direct appeal pending in state court and filed the *habeas* Petition to prevent the expiration of the statute of limitations. In the *Report and Recommendation* (the "R&R"), the Magistrate Judge notes that the 1-year statute of limitations will not begin to run until after Petitioner's conviction becomes final and, therefore, recommends dismissing the Petition. [ECF 5].

Petitioner has not filed any objection and/or response to the R&R, and the time to do so has passed. In the absence of any objections, the R&R is reviewed under the "plain error" standard, which provides that an R&R should only be rejected if the magistrate judge commits an error that was (1) clear or obvious, (2) affected substantial rights, and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings. *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007); *Facyson v. Barnhart*, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003). Here, after a thorough independent review of the record and the R&R, this Court finds no error was committed by the Magistrate Judge and, therefore, approves and adopts the R&R in its entirety.